Thomas C. Seabaugh, Esq., SBN 272458
THE LAW OFFICE OF THOMAS C. SEABAUGH
601 West Fifth Street, Eighth Floor
Los Angeles, California 90071
Telephone: (213) 225-5850
Email: tseabaugh@seabaughfirm.com

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE VILLALOBOS,<br><br>             Plaintiff,<br><br>     vs.<br><br>CITY OF VALLEJO;<br>and DOES 1-10,<br><br>             Defendants. | Case No.: 2:19-at-1149<br><br>**COMPLAINT FOR DAMAGES**<br><br>  1. Deprivation of Civil Rights (42 U.S.C. § 1983)<br>  2. Battery by a Peace Officer (California Law)<br>  3. Negligence (California Law)<br>  4. Bane Act (California Law)<br><br>**DEMAND FOR JURY TRIAL** |

# COMPLAINT FOR DAMAGES

Plaintiff JOSE VILLALOBOS ("Plaintiff"), for his complaint against the CITY OF VALLEJO (the "City"), and Does 1-10 (all together, "Defendants"), alleges as follows:

## INTRODUCTION

1. This is a civil rights action based on the use of excessive force by City of Vallejo police officers.

2. The case arises from a case of mistaken identity. On November 4, 2018, Plaintiff Jose Villalobos traveled with his wife and children to the St. Catherine of Siena Catholic Church in the City of Vallejo, in order to attend a religious service. Apparently believing that Plaintiff matched the description of someone suspected of criminal activity, the defendant undercover police officers approached Mr. Villalobos near the entrance to the men's bathroom and forcibly detained him. As it turns out, Mr. Villalobos was targeted by mistake. In the course of the encounter and use of force, Plaintiff was injured.

3. Plaintiff contends that his constitutional rights were violated by the use of unreasonable and excessive force. He seeks monetary compensation and attorneys' fees based on the violation of his constitutional rights. He also asserts claims under state law for battery by a peace officer, negligence, and violation of California's Bane Act.

4. As a civil rights action that seeks to redress the use of excessive force by law enforcement, this lawsuit is in the public interest.

## PARTIES

5. Plaintiff resides in the City of Vallejo in the State of California. The circumstances and events giving rise to this action occurred in the City of Vallejo.

6. Plaintiff sues in his individual capacity for violations of his own rights and harm that he suffered personally.

7. At all relevant times, Defendants Does 1-10 were agents or employees of the City of Vallejo. At all relevant times, they were acting under color of law within the course and scope of their duties with respect to their employer. These defendants proximately caused Plaintiff's damages by engaging in, integrally participating in, or failing to intervene in the conduct of which Plaintiff complains, and/or by engaging in other acts or omissions described below.

8. Defendant City of Vallejo is responsible for Plaintiff's injuries both by virtue of statutory indemnity and vicarious liability. At all relevant times, Defendant City of Vallejo was a duly organized public entity, existing under the laws of the State of California. Defendant City of Vallejo is a chartered subdivision of the State of California with the capacity to sue and be sued. At all relevant times, City of Vallejo was the employer of Does 1-10.

9. Upon information and belief, in doing the acts and failing and omitting to act as hereinafter described, Defendants Does 1-10 were acting on the implied and actual permission and consent of the City of Vallejo.

10. The true names of Defendants Does 1-10 are unknown to PLAINTIFF, who therefore sues these defendants by fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitiously-named defendants is responsible in some manner for the conduct and liabilities alleged herein.

11. Defendants Does 1-10 are directly liable for Plaintiff's injuries under federal law pursuant to 42 U.S.C. § 1983 and are sued in their individual capacities for damages only.

## JURISDICTION AND VENUE

12. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1988, and the Fourth and

Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

13. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the City of Vallejo, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

14. The foregoing allegations are incorporated as if re-alleged herein.

15. On Sunday, November 4, 2018, Mr. Jose Villalobos traveled with his family to St. Catherine of Siena Catholic Church located at 3450 Tennessee St, Vallejo, CA 94591. It was a normal day for the family, and the family traveled to the church for the purposes of attending a religious service.

16. When the family arrived, Mr. Villalobos went to the bathroom around the time the evening service was starting.

17. At or near the entrance to the men's bathroom inside the church, Mr. Villalobos was contacted by City of Vallejo police officers, whose identities have not yet been established and who are sued herein under fictitious names. The officers were not wearing police uniforms. It appears that the officers targeted Mr. Villalobos based upon the mistaken belief that he was another person.

18. Mr. Villalobos did not see the two men approach, did not recognize them as police officers, and was caught entirely by surprise. Mr. Villalobos is blind in one eye. As Mr. Villalobos went to open the door to the bathroom, he describes a man snatching his arm behind him and twisting it behind his back. As he turned to see who was attacking him, he recalls being struck in the cheek and wrestled to the floor.

19. He recalls crying to the effect: "What's going on? I'm in church! I don't have any money!" The reference to not having any money suggests that Mr. Villalobos thought he was being robbed. He also remembers making additional

statements to the effect: "I just had a surgery on my shoulder. I'm in church. Not doing nothing. I came to pray and relax."

20. It was not until the officers had seated Mr. Villalobos in a patrol car that they appear to have realized he was the wrong person.

21. On April 26, 2019, less than six months from the date of the incident, Plaintiff timely served the City of Vallejo by U.S. Mail with the claims arising herein under state law pursuant to California Government Code section 910.4 *et seq*. The City of Vallejo acknowledged receipt of the claim on April 30, 2019. The City of Vallejo did not act on the claim within the statutory period, such that the claim is deemed to have been rejected by operation of law. Since the City of Vallejo did not give written notice in accordance with Section 913, this action is timely filed within two years from the accrual of the cause of action under California Government Code section 945.6.

### FIRST CLAIM FOR RELIEF

### Deprivation of Civil Rights (42 U.S.C. § 1983)

(Against Does 1-10)

22. The foregoing allegations are incorporated as if re-alleged herein.

23. The acts of Does 1-10 deprived Plaintiff of his particular rights under the United States Constitution. Specifically, Defendant Does 1-10 violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution by subjecting him to excessive force.

24. As a result of the application of excessive force, Plaintiff was harmed.

25. The conduct of Does 1-10 was malicious, oppressive or in reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damages.

26. Upon information and belief, each of Does 1-10 integrally participated or failed to intervene in the complained-of conduct of the others.

27. Plaintiff seeks compensatory damages, punitive damages, and attorney fees under this claim.

## SECOND CLAIM FOR RELIEF

### Battery by a Peace Officer (California Law)

(Against All Defendants)

28. The foregoing allegations are incorporated as if re-alleged herein.

29. Defendants Does 1-10 used excessive and unreasonable force against Plaintiff.

30. Plaintiff was harmed.

31. The conduct of Does 1-10 was malicious, oppressive or in reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damages.

32. Defendant City is vicariously liable for the wrongful acts of Does 1-10 pursuant to section 8l5.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

33. Plaintiff seeks compensatory damages and punitive damages under this claim.

## THIRD CLAIM FOR RELIEF

### Negligence (California Law)

(Against All Defendants)

34. The foregoing allegations are incorporated as if re-alleged herein.

35. Defendants Does 1-10 had a duty, at a minimum, to conform their conduct to that of reasonably careful and prudent police officers.

36. In committing the above described acts and omissions, the conduct Defendant Does 1-10 fell below that of reasonably careful and prudent police officers.

37. The conduct of Does 1-10 fell below that standard of care, including the use of force, the tactics leading up to and during the encounter with Plaintiff, as well as the mistake as to Plaintiff's identity.

38. As a result of the negligence of Does 1-10, Plaintiff was harmed.

39. The conduct of Does 1-10, and each of them, was a substantial factor in causing harm to Plaintiff.

40. The conduct of Does 1-10 was malicious, oppressive or in reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damages.

41. The City of Vallejo is vicariously liable for the wrongful acts of Defendant and Does 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

42. Plaintiff seeks compensatory damages and punitive damages under this claim.

## FOURTH CLAIM FOR RELIEF

**Bane Act (California Law)**

(Against All Defendants)

43. The foregoing allegations are incorporated as if re-alleged herein.

44. California Civil Code Section 52.1 (the Bane Act) prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by violence, threats, intimidation, or coercion.

45. The acts of Does 1-10, as described above, interfered with the civil rights of Plaintiff, which are protected by both the California Constitution and the United States Constitution, including without limitation Plaintiff's rights to be free from unreasonable searches and seizures and from excessive force.

46. Does 1-10 successfully interfered with the above civil rights of Plaintiff.

47. The conduct of Does 1-10 was malicious, oppressive or in reckless disregard of the Plaintiff's rights, entitling Plaintiff to punitive damages.

48. As a result of the conduct of the Does 1-10, Plaintiff was harmed.

49. Defendant City of Vallejo is vicariously liable for the wrongful acts of Officer Defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

50. Plaintiff seeks compensatory damages, punitive damages, and attorney fees under this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and requests entry of judgment in his favor and against all defendants as follows:

A. General and compensatory damages in an amount according to proof;

B. Special damages in an amount according to proof;

C. Exemplary and punitive damages against Does 1-10, in an amount according to proof;

D. Costs of suit;

E. Attorney fees under 42 U.S.C. § 1988; and

F. Such other relief as may be warranted or as is just and proper.

DATED: December 9, 2019          LAW OFFICE OF THOMAS C. SEABAUGH

By       *s/ Thomas C. Seabaugh*
Thomas C. Seabaugh
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: December 9. 2019        LAW OFFICE OF THOMAS C. SEABAUGH

                               By  *s/ Thomas C. Seabaugh*
                               Thomas C. Seabaugh
                               Attorneys for Plaintiff