**RANDY J. RISNER**
City Attorney, SBN 172552
**BY: KATELYN M. KNIGHT**
Deputy City Attorney, SBN 264573
**CITY OF VALLEJO,** City Hall
555 Santa Clara Street, 3rd Floor
Vallejo, CA  94590
Tel: (707) 648-4545
Fax: (707) 648-4687
Email:   katelyn.knight@cityofvallejo.net

Attorneys for Defendant CITY OF VALLEJO

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| JOSE VILLALOBOS,<br><br>            Plaintiff,<br><br>     vs.<br><br>CITY OF VALLEJO; and DOES 1-10,<br><br>            Defendants. | Case No.  2:19-cv-02461-WBS-KJN<br><br>**DEFENDANT CITY OF VALLEJO'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Date:**  April 6, 2020<br>**Time:**  1:30 p.m.<br>**Ctrm:**  5, 14th Floor |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on April 6, 2020 at 1:30 p.m. in Courtroom 5 of the above Court, Defendant City of Vallejo will and hereby does move for an order dismissing Plaintiff's cause of action under California Civil Code § 52.1.

This motion is made pursuant to Fed. R. Civ. Proc 12(b)(6) on the grounds that Plaintiff has failed to allege facts constituting a cause of action under section 52.1.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and on

such other written and oral argument as may be presented to the Court.

DATED:  February 18, 2020        Respectfully submitted,


                                 */s/ Katelyn M. Knight*
                                 KATELYN M. KNIGHT
                                 Deputy City Attorney
                                 Attorney for Defendant CITY OF VALLEJO

**MEMORANDUM OF POINTS & AUTHORITIES**

**I.**

**INTRODUCTION**

This case arises from the arrest of Plaintiff Jose Villalobos in connection with an investigation into a sexual predator, who had been soliciting minors for intercourse at a local church. Officers observed a man who matched the suspect's description and smelled of alcohol entering the church alone. Officers made contact and attempted to detain the man, who was later identified as Mr. Villalobos, however Mr. Villalobos became agitated and actively resisted the officers, resulting in his arrest for public intoxication and obstruction.

Plaintiff alleges that the officers used excessive force and asserts causes of action for violation of 42 U.S.C. § 1983, battery, negligence, and violation of California Civil Code § 52.1, also known as the Bane Act. To state a cause of action under the Bane Act based on an excessive force claim, Plaintiff must establish that the involved officers acted with a specific intent to violate his constitutional rights. *See Reese v. City of Sacramento*, 888 F.3d 1030 (9th Cir. 2018). The Complaint does not allege any facts that would support an inference that the officers acted with specific intent to violate Plaintiff's constitutional rights; rather, the Complaint alleges that the officers mistook Mr. Villalobos for the criminal suspect they were seeking. For this reason, Defendant respectfully requests that the Court dismiss Plaintiff's Bane Act cause of action.

///
///

# II

# BACKGROUND

On November 4, 2018, members of the Vallejo Police Department's Crime Reduction Team were conducting an undercover operation at St. Catherine's Church to locate and arrest an individual who had solicited sexual intercourse from underage girls at the church on multiple prior occasions.  Given the serious nature of the crime and ongoing danger to the public, officers began conducting surveillance of males entering the church for all scheduled masses starting at noon.  One of the officers observed Mr. Villalobos, who matched the description of the suspect and smelled of alcohol, walk into the church alone and walk straight to the bathroom.  When he emerged, the officers identified themselves as police and told Mr. Villalobos they were conducting an investigation and need to speak with him.  Mr. Villalobos became agitated and physically resisted the officers, resulting in a brief struggle during which he sustained minor injuries.

On December 9, 2019, Plaintiff Jose Villalobos filed suit against the City of Vallejo and Does 1-10.  Plaintiff does not dispute that the officers mistook him for the criminal suspect they were looking for, or that he resisted the detention, however Plaintiff asserts that he did not know the officers were police.  (Compl., ¶ 2, 17-18.)  Plaintiff further alleges that he did not see the officers approach him as he is blind one eye, and that his arm was suddenly grabbed and twisted behind his back.  (Compl., ¶ 17.)  The Complaint asserts causes of action under 42 U.S.C. § 1983 (excessive force), battery, negligence,

1 and violation of California Civil Code § 52.1.

## II.

## ARGUMENT

**A.  Legal Standard**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil of Procedure, a defendant may move for dismissal of one or more causes of action in the complaint if the allegations fail to state a claim on which relief can be granted.  A defense based on failure to state a claim on which relief can be granted must be raised in the first responsive pleading and argued by motion to avoid waiver.  Fed. R. Civ. Proc. 12(b).

To survive a motion to dismiss, the Complaint must contain factual allegations supporting each cause of action that are plausible on their face and sufficient to raise Plaintiff's right to relief above a speculative level.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Dismissal is proper when the complaint fails to allege sufficient facts to support a cognizable legal theory.  *See Shroyer v. New Cingular Wireless Services, Inc.*, 622 F. 3d 1035, 1041 (9th Cir. 2010).

**B.  The Complaint Does Not State a Cause of Action Under California Civil Code § 52.1**

Plaintiff's fourth cause of action should be dismissed because the facts alleged in the Complaint, if proven, do not constitute a Bane Act violation.  Plaintiff's fourth cause of action claims a violation of the Tom Bane Civil Rights Act, codified at California Civil Code § 52.1.  The Bane Act provides a cause of action for the interference with rights secured by the Constitution or laws of the United States by any person who

engages in threats, intimidation, or coercion.  Section 52.1 states in relevant part that an action may be instituted where:

> a person or persons, whether or not acting under color of law, interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state.

The "coercion" language in the statute has been a source of great confusion in cases alleging causes of action under both 42 U.S.C. § 1983 and the Bane Act.  Litigants have generally argued that the coercion inherent in any detention or arrest involving excessive force gives rise to both a claim under 42 U.S.C. § 1983 and under the Bane Act.  In the past, some courts have held that the conduct giving rise to an excessive force claim cannot support a separate cause of action under the Bane Act absent a separate interference by threat, intimidation, or coercion beyond the underlying constitutional violation. *See, e.g., Velarde v. Union City Police Dep't,* 2015 WL 6871579 (N.D. Cal. 2015).  However, the Ninth Circuit has recently held that a separate interference need not be shown where the officer had specific intent to violate the individual's rights in light of the California Supreme Court's decision in *Cornell v. City and County of San Francisco,* 17 Cal.App.5th 766 (2017).

In *Cornell v. City and County of San Francisco*, the California Supreme Court noted that claims under the Bane Act are frequently brought in conjunction with Section 1983 claims, and that there was significant confusion regarding whether the threat, intimidation or coercion required by the Bane Act must

be distinct from the underlying constitutional violation.  The Court issued the *Cornell* decision to clarify this issue.  *Id.* at 801.  The Court found that, "the statutory phrase 'threat, intimidation or coercion' serves as an aggravator justifying the conclusion that the underlying violation of rights is sufficiently egregious to warrant enhanced statutory remedies, beyond tort relief."  *Id.* at 800.  While there is no requirement in the statute that a Bane Act violation be based on a separate incidence of threats, intimidation, or coercion, the Court determined that a Bane Act violation requires something more than a Section 1983 violation.  The Court held:

> [W]here[] an unlawful arrest is properly pleaded and proved, the egregiousness required by Section 52.1 is tested by whether the circumstances indicate the arresting officer had a specific intent to violate the arrestee's right to freedom from unreasonable seizure, not by whether the evidence shows something beyond the coercion "inherent" in the wrongful detention.

*Id.* at 801-02.

The Ninth Circuit confirmed in *Reese v. City of Sacramento*, 888 F.3d 1030 (9th Cir. 2018) that this standard also applies to Section 1983 claims based on alleged excessive force.  The Plaintiff in *Reese* asserted causes of action under both 42 U.S.C. § 1983 and the Bane Act in connection with an officer-involved shooting incident.  The Ninth Circuit overturned the District Court's ruling in light of the *Cornell* decision, holding that in cases where a cause of action is brought under the Bane Act based on alleged excessive force, a plaintiff need not show coercion separately from the coercion inherent in the underlying incident of excessive force, however "the

egregiousness required by Section 52.1 is tested by whether the circumstances indicate the arresting officer had a specific intent to violate the arrestee's right to freedom from unreasonable seizure". *Reese v. City. of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018)(quoting *Cornell v. City & County of San Francisco*, 17 Cal.App.5th 766, 801-802 (2017)).

In this case, Plaintiff alleges no facts that would support an inference that the officers acted with a specific intent to violate his constitutional rights. The Complaint actually suggests the opposite. Plaintiff alleges that Officers forcibly detained Mr. Villalobos after mistaking him for criminal suspect. (Compl., ¶ 2, 17.) The Court may reasonably infer that Plaintiff physically resisted the officers from Plaintiff's allegations that he did not know that the individuals were police officers and that he was "wrestled" to the floor. (Compl., ¶ 17-18.) If proven, the allegations of the Complaint demonstrate that officers mistakenly identified Mr. Villalobos as the sexual predator they were investigating and used force to take him into custody due to his active resistance. Even if Plaintiff were to establish that this conduct violated his constitutional rights, he could not establish a specific intent to violate his rights by the officers and accordingly cannot establish a Bane Act violation. Defendant therefore requests that the Court dismiss Plaintiff's fourth cause of action, allowing the Complaint to proceed with causes of action under 42 U.S.C. § 1983, battery, and negligence.

///
///

### III.

### CONCLUSION

For the foregoing reasons Defendant respectfully requests that the Court dismiss Plaintiff's cause of action for violation of California Civil Code § 52.1.

DATED: February 18, 2020          Respectfully submitted,

*/s/ Katelyn M. Knight*
KATELYN M. KNIGHT
Deputy City Attorney
Attorney for Defendant CITY OF VALLEJO