Thomas C. Seabaugh, Esq., SBN 272458
THE LAW OFFICE OF THOMAS C. SEABAUGH
333 South Grand Avenue, 42nd Floor
Los Angeles, California 90071
Telephone: (213) 225-5850
Email: tseabaugh@seabaughfirm.com

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE VILLALOBOS,<br><br>        Plaintiff,<br><br>    vs.<br><br>CITY OF VALLEJO;<br>and DOES 1-10,<br><br>        Defendants. | Case No. 2:19-cv-02461-WBS-KJN<br><br>PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS BANE ACT CLAIM<br><br>Date: April 6, 2020<br>Time: 1:30 p.m.<br>Ctrm: 5, 14th Floor |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This excessive force civil rights lawsuit case arises from an apparent case of mistaken identity. In November 2018, Plaintiff Jose Villalobos was attending a religious service at a Catholic church with his family when he was abruptly subjected to a use of force and taken into custody by two undercover City of Vallejo police officers. It turned out that he was not the person the police were looking for. He was targeted by mistake.

Plaintiff filed this lawsuit against Defendant City of Vallejo ("City") in November 2019, alleging execessive force under federal law, battery, negligence, and a violation of California's Bane Act. The City responded to the complaint by moving to dismiss Plaintiff's cause of action under the Bane Act. For the reasons below, the motion should be denied.

## II. DISCUSSION

### A. The City's motion incorporates facts not in the record and outside the pleadings.

As a preliminary matter, the City's motion opens with and appears to rely on facts that are outside the pleadings and the record. These facts include the allegation that the police were looking for a "sexual predator, who had been soliciting minors for intercourse at a local church." Motion, at 3:4-7. The City also alleges, without any evidence or support, that Plaintiff "matched the suspect's description and smelled of alcohol entering the church alone." Motion, at 3:7-8. The City also makes the allegation, contrary to the narrative contained in the complaint, that the Plaintiff "became agitated and actively resisted the officers." Motion, at 3:10-12.

It is significant that the City does not appear to deny the basic allegation in the complaint—that the police grabbed the wrong person. Even on the City's version of events, Plaintiff was not the alleged "sexual predator" that the police were looking for, but an innocent third party. But in any event, the analysis on a motion to

dismiss is limited to the facts alleged in the pleadings, which are construed in the light most favorable to the plaintiff. *See Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001). To the extent that the City's motion is based on the police version of events, it should be denied.

### B. Specific intent under the the Bane Act can be established by deliberate indifference as well as by intent to use unreasonable force.

The City argues that to state a claim under the Bane Act, Plaintiff must establish that the involved officers acted with a form of specific intent to violate his constitutional rights. This much is correct. In a recent decision, the Ninth Circuit clarified that a Bane Act claim requires an additional showing of intent. *See Reese v. City of Sacramento*, 888 F.3d 1030 (9th Cir. 2018).

The kind of specific intent that constitutes an element of a Bane Act claim is not an element of a Fourth Amendment excessive force claim, which requires only a showing of objective unreasonableness. *See id*. In other words, a violation of the Fourth Amendment does not automatically constitute a violation of the Bane Act. Plaintiff does not dispute this essential analytical framework for the Bane Act claim.

As a preliminary matter, the City's motion asks the Court to make inferences in favor of the officers. For example, the City asks that the Court "reasonably infer" that the "Plaintiff physically resisted the officers," Motion at 8:12-13, which is contrary to the maxim that all inferences on a motion to dismiss are in favor of the non-moving party. *See*, *generally*, *Zimmerman*, 255 F.3d at 737. To the extent the City's motion is based on inferences proposed to be drawn in favor of the police, it should be denied.

In the *Reese* case, on which the City relies, the Ninth Circuit explained that specific intent is not limited to a mental state amounting to a knowing and intentional violation of a constitutional right: if "defendants intended not only the force, but its unreasonableness, its character as more than necessary under the

circumstances . . . . But it is not necessary for the defendants to have been thinking in constitutional *or legal terms* at the time of the incidents, because a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights." *Reese*, 888 F. 3d at 1045 (emphasis in original); *see also Scalia v. Cty. of Kern*, 308 F. Supp. 3d 1064, 1076-77, 1084 (E.D. Cal. 2018) (sufficiently pleading reckless disregard of a right at issue adequate to allege specific intent under the Bane Act); *cf. Jaime-Gonzalez v. Cty. of Los Angeles*, No. CV-186600-MWF-JPRX, 2018 WL 8058840, at *9 (C.D. Cal. Dec. 26, 2018) (dismissing Bane Act claim but noting that lack of probable cause for an arrest would support a reasonable inference of specific intent to violate rights).

Here, Plaintiff alleges that he was lawfully in chuch attending a religious service and on his way to use the bathroom when he was approached from behind by two officers who were not in uniform. Compl., ¶ 18. "As Mr. Villalobos went to open the door to the bathroom, he describes a man snatching his arm behind him and twisting it behind his back. As he turned to see who was attacking him, he recalls being struck in the cheek and wrestled to the floor." *Id*.

Plaintiff recalls crying to the effect: "What's going on? I'm in church! I don't have any money!" Compl., ¶ 19. The reference to not having any money suggests that Mr. Villalobos thought he was being robbed. He also remembers making additional statements to the effect: "I just had a surgery on my shoulder. I'm in church. Not doing nothing. I came to pray and relax." *Id*.

From these facts, it can be reasonably inferred (taking all inferences in Plaintiff's favor) that the officers used force that would have been unreasonable *even if Plaintiff had been the person the officers were trying to find*. Accordingly, the officers' mistake as to Plaintiff's identity, on Plaintiff's facts, is not a justification or excuse.

Plaintiff has not had the opportunity to conduct discovery that would yield additional circumstantial evidence of the officers' intentions. But Plaintiff submits

that the above factual scenario would support an inference of an intent to use unreasonable force. Alternatively, at a minimum, it constituted deliberate indifference to Plaintiff's rights (or "reckless disregard of a right at issue"), which suffices for the Bane Act standard. For these reasons, the motion should be denied.

### C. In the alternative, Plaintiff should be granted leave to amend.

It is a policy with respect to federal procedure that leave to amend "shall be freely given," and this policy is "to be applied with extreme liberality." *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.2001). In the event the Court determines that the factual allegations in the complaint are not sufficient to support an inference of the required level of intent under the Bane Act, Plaintiff requests leave to amend to provide more detailed allegations.

## III. CONCLUSION

For the reasons above, Plaintiff respectfully submits that the motion should be denied. In the alternative, Plaintiff should be granted leave to amend.

This Court's General Order 612 provides, in part: "All of the court's civil matters will be decided on the papers, or if the assigned Judge believes a hearing is necessary, the hearing will be by telephone or videoconference." Plaintiff's counsel does not believe oral argument is necessary and agrees to submit this matter on the papers. Alternatively, if oral argument is deemed necessary, leave is requested to appear telephonically and counsel will be available at the following phone number: (213) 225-5850.

Respectfully Submitted,

DATED:  March 23, 2020            LAW OFFICE OF THOMAS C. SEABAUGH

By           *s/ Thomas C. Seabaugh*
             Thomas C. Seabaugh
             Attorneys for Plaintiff