1  **RANDY J. RISNER**
   Interim City Attorney, SBN 172552
2  **BY:  KATELYN M. KNIGHT**
   Deputy City Attorney, SBN 264573
3  **CITY OF VALLEJO**, City Hall
   555 Santa Clara Street, 3rd Floor
4  Vallejo, CA  94590
   Tel: (707) 648-4545
5  Fax: (707) 648-4687
6  Email:  katelyn.knight@cityofvallejo.net

7  Richard W. Osman, State Bar No. 167993
   Sheila D. Crawford, State Bar No.  278292
8  BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
   The Waterfront Building
9  2749 Hyde Street
   San Francisco, California 94109
10 Telephone: (415) 353-0999
   Facsimile:  (415) 353-0990
11 Email:  rosman@bfesf.com
12         scrawford@bfesf.com

13 Attorneys for Defendant
   CITY OF VALLEJO
14

15                 UNITED STATES DISTRICT COURT

16               EASTERN DISTRICT OF CALIFORNIA

17 JOSE VILLALOBOS                Case No. 2:19-cv-02461-WBS-KJN

18      Plaintiff,               **REPLY TO PLAINTIFF'S OPPOSITION TO**
                                 **MOTION TO DISMISS BANE ACT CLAIM IN**
19 v.                            **PLAINTIFF'S COMPLAINT**

20 CITY OF VALLEJO; and DOES 1-10,
                                 Date: April 6, 2020
21      Defendants.              Time: 1:30 p.m.
                                 Courtroom: 5, 14th Floor
22
23                               **Hon. Judge William B. Shubb**

24
25
26
27
28

1

## TABLE OF CONTENTS

2    I.   INTRODUCTION...................................................1

3    II.  LEGAL ARGUMENT.................................................1

4         A.   The FAC Fails To State Necessary Facts And Should Be
               Dismissed Under Rule 12(b)(6)............................1
5
          B.   Plaintiff's Claim For Violation of Cal. Civil Code
6              §52.1 Is Unsupported By Facts............................2

7    III. CONCLUSION....................................................7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT
Case No.: 2:19-cv-02461-WBS-KJN *Villalobos v. City of Vallejo*

1

<u>**TABLE OF AUTHORITIES**</u>

2

<u>**Cases**</u>

3

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................1, 4, 6

4

*Baker v. McCollan*,
5
    443 U.S. 137 (1979) ..............................................5

6

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) .........................................1, 4

7

*Cornell v. City and Cnty. of San Francisco*,
8
    17 Cal.App.5th 766 (2017) .......................................2

9

*Farmer v. Brennan*,
    911 U.S. 825 (1994) .............................................6

10

*Garcia v. Cnty. of Merced*,
11
    639 F.3d 1206 (9th Cir. 2011) ...................................5

12

*Illinois v. Gates*,
    462 U.S. 213 (1983)..............................................5

13

*Jaime- Gonzalez v. Cnty. of Los Angeles*,
14
    2018 WL 8058840 (C.D. Cal. Dec. 26, 2018) .................4, 5, 6

15

*Reese v. Cnty. of Sacramento*,
    888 F.3d 1030 (9th Cir. 2018) ...............................2, 3

16

*Scalia v. Cnty. of Kern*,
17
    308 F.Supp.3d 1065 (E.D. Cal. April 10, 2018) ..................6

18

<u>**Statutes**</u>

19

California Civil Code §52.1.........................1, 2, 4, 5, 6, 7

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

Plaintiff's opposition ignores applicable law and incorrectly concludes his vague conclusions suffice.  Allegations that merely show the *possibility* the CITY is liable are inadequate to satisfy Plaintiff's burden to plead facts satisfying the requisite plausibility standard.  Plaintiff's reliance on "naked assertions" devoid of relevant "further factual enhancement" is insufficient to show a plausible right to relief  on his Bane Act claim. (*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).)  The instant motion to dismiss should be granted.

**II.   LEGAL ARGUMENT**

**A.   The FAC Fails To State Necessary Facts And Should Be Dismissed Under Rule 12(b)(6)**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter… to 'state a claim to relief that is plausible on its face.' … A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. … The [allegations must show] more than a sheer possibility that a defendant has acted unlawfully." (*Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Servs.*, 572 F.3d 962, 969 (9th Cir. 2009).) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (*Iqbal*, 556 U.S. at 678-679.) Plaintiff's Complaint fails to state facts sufficient to support his claim for violation of Cal. Civ. Code §52.1 against the CITY and is subject to dismissal.  Argument and authorities on these points follow.

**B.  Plaintiff's Claim For Violation of Cal. Civil Code §52.1 Is Unsupported By Facts**

The Ninth Circuit has made clear that a violation of Cal. Civil Code §52.1 (Bane Act) "requires a specific intent to violate the arrestee's right to freedom from unreasonable seizure." (*Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018).) To state a valid §52.1 claim, therefore, plaintiff must state facts showing that defendants had a specific intent to use excessive force. (*Id.* at 1044, 1045.) Plaintiff's complaint fails to state facts showing any CITY officers had the specific intent to use excessive force against Plaintiff and the Bane Act claim fails.

In *Reese,* the Ninth Circuit explained that California authorities made clear that "the Bane Act imposes an additional requirement beyond a finding of a constitutional violation. … [T]he egregiousness required by Section 52.1 is tested by whether the circumstances indicate the arresting officer had a specific intent to violate the arrestee's right to freedom from unreasonable seizure." (*Id.* at 1043, *citing Cornell v. City and Cnty. of San Francisco,* 17 Cal.App.5th 766, 225 Cal.Rptr. 3d 356 at 383-384 (2017).) The specific intent requirement "is consistent with the language of Section 52.1, which requires interference with rights by 'threat, intimidation or coercion,' words which connote an element of intent. This is also reflected in California's model jury instruction, CACI 3066, which characterizes a Bane Act claim as one by the plaintiff that the defendant "*intentionally interfered* with [or attempted to interfere with] [his/her] civil rights by threats, intimidation or coercion." (*Reese,* 888 F.3d at 1044, brackets and italics in original, *citing Cornell,* 225 Cal.Rptr.3d at 387.) The Court further explained that the

2

reasonableness inquiry in an excessive force case is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation; however, in applying the specific intent standard to an excessive force violation, "a mere intention to use force that the jury ultimately finds unreasonable—that is general criminal intent – is insufficient." (*Reese,* 888 F.3d at 1045.) Accordingly, while defendants need not have been "thinking in constitutional *or legal terms* at the time of the incidents," plaintiffs must show "that the defendants 'intended not only the force but its unreasonableness, its character as 'more than necessary under the circumstances'" or "a reckless disregard for a person's constitutional rights." (*Id.*, original italics.)

The facts alleged in Plaintiff's complaint fail to show the unidentified officers intended to use more force than necessary or recklessly disregarded Plaintiff's constitutional rights in taking him into custody. Plaintiff alleges that officers mistook him for someone else suspected of criminal activity and they attempted to take him into custody believing he was the criminal suspect. Plaintiff states he did not know the individuals were officers, and he alleges that as an officer attempted to place his arm behind his back to effect the arrest "he turned to see who was attacking him." (Complaint ¶18.) The Complaint concedes that as officers attempted to place him under arrest he turned, and thus reasonably appeared to the officers to be resisting attempts to place him under arrest. The allegations, therefore, indicate that the officers' conduct in wrestling him to the floor was objectively reasonable in response to his perceived resistance. The Complaint also states no facts suggesting that

Plaintiff's recollection of being "struck in the cheek" was a result of any officer's action or that it resulted from deliberate or intentional conduct. The Complaint allegations thus show that the officers' alleged use of force may have been objectively reasonable under the circumstances, and plainly fails to show any intent to use more force than reasonably necessary under the circumstances or intent to violate Plaintiff's constitutional rights. Accordingly, the Complaint fails to state facts to support a claim for violation of §52.1 for which the CITY could be vicariously liable.

Plaintiff's opposition erroneously argues that the Court should infer the requisite intent from the facts alleged. The Complaint states facts suggesting only that the officers acted on the mistaken belief that Plaintiff was the sexual predator they were investigating and that they used reasonable force to take him into custody believing he was the suspect and that he was resisting their efforts to arrest him. No facts are alleged that would support any inference that their actions were intended to violate Plaintiff's rights or that they intended to use more force than was necessary under the circumstances. Plaintiff's allegations showing nothing more than a "sheer possibility" that officers intended to use unreasonable force are inadequate. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" (*Iqbal,* 556 U.S. at 678, *citing Twombly,* 550 U.S. at 557.)

Plaintiff's cited authorities also are unavailing. In *Jaime-Gonzalez v. Cnty. of Los Angeles*, 2018 WL 8058840 *1 (C.D. Cal. Dec. 26, 2018), the court dismissed the Bane Act claim because the plaintiff failed to show the officers' actions were intentional or in

4

reckless disregard of the plaintiff's right to be free from unlawful arrest and detention. Plaintiff here nevertheless argues that *Jaime-Gonzales* supports his Bane Act claim in this case because the court there noted that lack of probable cause for an arrest supports a reasonable inference of a specific intent to violate rights. The *Jaime-Gonzales* court did not, however, find that merely alleging a false arrest sufficed to support a §52.1 claim. Rather, the court noted that "an unlawful arrest [that] is properly pleaded and proved" could indicate the arresting officer had a specific intent to violate the arrestee's constitutional rights. (*Id.* at *9, emphasis added.) Plaintiff's allegations in this case fail to show his arrest was objectively unreasonable under the totality of circumstances known to the officers at the time and thus unlawful. The allegations show only that the officers were *mistaken* in believing Plaintiff was the suspect sought, but fail to show that the mistaken belief was objectively unreasonable such that his arrest was unlawful. Indeed, Plaintiff's complaint asserts claims only for excessive force, and notably does not assert a claim for unlawful arrest, or state facts even suggesting a claim for unlawful arrest. Even if mistaken, an arrest is lawful where it is supported by probable cause. "Probable cause" means "a seizure made under circumstances which warrant suspicion." (*Illinois v. Gates*, 462 U.S. 213, 235 (1983).) Probable cause is determined based on analysis of the totality of circumstances confronting the officer at the time of arrest. (Id. at 230-231.) Probable cause "does not have to be conclusive of guilt, and it does not have to exclude the possibility of innocence…" (*Garcia v. Cnty. of Merced,* 639 F.3d 1206, 1209 (9th Cir. 2011).) "The Constitution does not guarantee that only the guilty will be arrested." (*Baker v. McCollan*, 443 U.S. 137, 145, 146 (1979).)

Plaintiff's Complaint states no facts showing his arrest was not supported by probable cause and it does not show an unlawful arrest claim "properly pleaded." Consequently, whether a properly pleaded unlawful arrest claim could support a Bane Act claim is irrelevant. *Jaime-Gonzales* is inapposite and fails to support Plaintiff's §52.1 claim in this case.

In *Scalia v. Cnty. of Kern*, 308 F.Supp.3d 1065 (E.D. Cal. April 10, 2018), the court found that allegations sufficiently showing deliberate indifference to medical needs of a pretrial detainee sufficed to show the necessary intent to state a claim for violation of §52.1. *Scalia* did not involve claims of unlawful arrest or excessive force, and it did not hold that factually sparse allegations like Plaintiff's allegations here sufficed to state a §52.1 claim. *Jaime-Gonzales* and *Scalia* are unavailing to salvage Plaintiff's §52.1 claim in this case.

Plaintiff's claim that he has not yet conducted discovery does not excuse his failure to plead sufficient facts and is inadequate to withstand dismissal. Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions (*Iqbal*, 556 U.S. at 678-679.) His conclusion that his Complaint shows deliberate indifference likewise is unavailing. The standard of "deliberate indifference" generally lies somewhere between negligence and purposeful conduct intended to harm. (*Farmer v. Brennan*, 911 U.S. 825, 836 (1994).) The level of culpability necessary to show deliberate indifference is shown where a defendant knows of and disregards an excessive risk. (*Id.* at 838.) Plaintiff's Complaint here alleges facts that fail to rise above the level of mere negligence in mistaking Plaintiff for the criminal suspect sought. The Complaint fails to

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT
Case No.: 2:19-cv-02461-WBS-KJN *Villalobos v. City of Vallejo*

state facts showing deliberate indifference and his conclusion otherwise is inadequate. The Complaint fails to state facts sufficient to state a claim for violation of §52.1and the fourth cause of action should be dismissed.

### III.   CONCLUSION

For the reasons set forth in the moving papers and above, the CITY respectfully submits that the instant motion to dismiss the Bane Act claim in Plaintiff's Complaint should be granted.


Dated:  March 30, 2020              BERTRAND, FOX, ELLIOT, OSMAN & WENZEL



                                    By: */s/ Richard W. Osman*
                                        Richard W. Osman
                                        Attorneys for Defendant
                                        CITY OF VALLEJO

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT
Case No.: 2:19-cv-02461-WBS-KJN *Villalobos v. City of Vallejo*