UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JOSE VILLALOBOS,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF VALLEJO; and DOES 1-10,<br><br>        Defendants. | No. 2:19-cv-02461 WBS KJN<br><br>MEMORANDUM AND ORDER RE:<br>DEFENDANT'S MOTION TO DISMISS |

----oo0oo----

Plaintiff Jose Villalobos filed this action against defendants City of Vallejo and Does 1 through 10 alleging various federal and state law claims arising from the wrongful detention of plaintiff. Before the court is defendant City of Vallejo's motion to dismiss. (Mot. (Docket No. 5).)

I. Relevant Allegations

Villalobos traveled with his family to St. Catherine of Siena Catholic Church, located in Vallejo, California, to attend a religious service. (Compl. ¶ 15 (Docket No. 1).) Plaintiff then went to the bathroom around the time the evening service was

1

starting. (Id. ¶ 16.) As plaintiff went to open the door to the bathroom, a City of Vallejo police officer who mistook plaintiff for another person snatched his arm behind him and twisted it behind his back. (Id. ¶¶ 17, 18.) Plaintiff is blind in one eye. (Id. ¶ 18.) As plaintiff turned to see who was attacking him, plaintiff was struck in the cheek and wrestled to the floor. (Id. ¶ 18.) The officers were not wearing police uniforms. (Id. ¶ 17.) Believing he was being robbed, Mr. Villalobos cried, "What's going on? I'm in church! I don't have any money!" (Id. ¶ 19.) Mr. Villalobos also stated that he had just had surgery on his shoulder and that he was in church "to pray and relax." (Id.) It was not until the officers had seated plaintiff in a patrol car that they realized he was the wrong person. (Id. ¶ 20.)

Plaintiff filed suit alleging the following four causes of action: (1) deprivation of civil rights pursuant to 42 U.S.C. § 1983; (2) battery and (3) negligence under California state law; and (4) violation of California's Tom Bane Civil Rights Act ("Tom Bane Act"), Cal. Civ. Code § 52.1. The City of Vallejo now moves to dismiss only plaintiff's claim under the Tom Bane Act.

II. Legal Standard

On a Rule 12(b)(6) motion, the inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the plaintiff has stated a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant

2

has acted unlawfully." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

III. Discussion

To state a claim under the Tom Bane Act, plaintiff must allege that the involved officers acted with specific intent to deprive plaintiff of his constitutional rights. Reese v. Cty. of Sacramento (Reese II), 888 F.3d 1030, 1043 (9th Cir. 2018). "[A] mere intention to use force that the jury ultimately finds unreasonable -- that is, general criminal intent -- is insufficient." Id. (citing United States v. Reese (Reese I), 2 F.3d 870, 885 (9th Cir. 1993)). "Rather, the jury must find that the defendants 'intended not only the force, but its unreasonableness, its character as 'more than necessary under the circumstances.'" Id. (citing Reese I, 2 F.3d at 885). "[I]t is not necessary for the defendants to have been 'thinking in constitutional or legal terms at the time of the incidents.'" Id. at 1045 (quoting Reese I, 2 F.3d at 885). Instead, "'a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights.'" Id. (quoting Reese I, 2 F.3d at 885).

Defendant asks the court to infer that Mr. Villalobos resisted arrest and that the force exerted was therefore reasonable. (Mot. at 8 ("The Court may reasonably infer that Plaintiff physically resisted the officers.").) The court cannot do so. At this stage, the court must make all inferences in favor of plaintiff. Iqbal, 556 U.S. at 678. The complaint

3

alleges that plaintiff "turned to see who was attacking him." (Compl. ¶ 18.) In response to plaintiff turning, the officer struck plaintiff and wrestled him to the floor. (Id.) Because the complaint alleges no other action by plaintiff, and because the court may infer that plaintiff's movement was limited by both his partial blindness and his shoulder injury, the officers' response was plausibly "more than necessary under the circumstances" and therefore unreasonable. See Reese II, 888 F.3d at 1043 (quoting Reese I, 2 F.3d at 885).

Further, because officers continued to exert that force after plaintiff allegedly saw uninformed men, cried that he had no money, and informed the officers of his injured shoulder, the allegations in the complaint plausibly allege the officers intended to exert that unreasonable force or at least acted with a reckless disregard for plaintiff's fourth amendment right to be free from excessive force. (See Compl. ¶¶ 17-20, 47; id.) The complaint therefore plausibly states a claim under the Tom Bane Act and the court will not dismiss this claim.

IT IS THEREFORE ORDERED that defendant's Motion to Dismiss (Docket No. 5) be, and the same hereby is, DENIED.

Dated: March 31, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE