RANDY J. RISNER
Interim City Attorney, SBN 172552
BY:  KATELYN M. KNIGHT
Deputy City Attorney, SBN 264573
CITY OF VALLEJO, City Hall
555 Santa Clara Street, 3rd Floor
Vallejo, CA  94590
Tel: (707) 648-4545
Fax: (707) 648-4687
Email:  katelyn.knight@cityofvallejo.net

Richard W. Osman, State Bar No. 167993
Henry B. Bernstein, State Bar No.  313730
BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile:  (415) 353-0990
Email:    rosman@bfesf.com
          hbernstein@bfesf.com

Attorneys for Defendant
CITY OF VALLEJO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE VILLALOBOS,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF VALLEJO; and DOES 1-10,<br><br>    Defendants. | Case No. 2:19-cv-02461-WBS-KJN<br><br>**DEFENDANT CITY OF VALLEJO'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant CITY OF VALLEJO hereby demands a jury trial in the above-captioned matter and answers plaintiff JOSE VILLALOBOS' complaint filed on December 9, 2019 as follows:

### ANSWER TO ALLEGATIONS ENTITLED "INTRODUCTION"

1. Paragraph 1 does not call for an admission or denial. To the extent any allegations in this paragraph can be construed as calling for an admission or denial, this answering defendant denies each and every such allegation within this paragraph.

2. Answering paragraph 2, this answering defendant admits that the circumstances and events giving rise to this action occurred on November 4, 2019. Answering defendant further admits that undercover police officers contacted plaintiff near the entrance to the men's bathroom at the St. Catherine of Siena Catholic Church in the City of Vallejo. Answering defendant further admits that police officers believed plaintiff matched the description of the subject of a criminal investigation. Answering defendant lacks sufficient information to enable it to admit or deny the remaining allegations contained in this paragraph, and on that basis denies each and every remaining allegation.

3. Answering paragraph 3, this paragraph details plaintiff's claims and his requested relief, and does not contain allegations that call for an admission or denial.

4. Answering paragraph 4, this paragraph does not call for an admission or denial. To the extent any allegations in this paragraph can be construed as calling for an admission or denial, this answering defendant denies each and every such allegation within this paragraph.

### ANSWER TO ALLEGATIONS ENTITLED "PARTIES"

5. Answering paragraph 5, this answering defendant admits that

the circumstances and events giving rise to this action occurred in the City of Vallejo. Answering defendant lacks sufficient information to enable it to admit or deny the remaining allegation contained in this paragraph, and on that basis denies the remaining allegation.

6. Answering paragraph 6, this paragraph does not call for an admission or denial. To the extent any allegations in this paragraph can be construed as calling for an admission or denial, this answering defendant lacks sufficient information to enable it to admit or deny the allegations contained in this paragraph, and on that basis denies each and every allegation within this paragraph.

7. Answering paragraph 7, this answering defendant denies that the fictitiously-named defendants proximately caused plaintiff's injuries. Answering defendant lacks sufficient information to enable it to admit or deny the remaining allegations contained in this paragraph, and on that basis denies each and every remaining allegation within this paragraph.

8. Answering paragraph 8, this answering defendant admits the CITY OF VALLEJO is a duly organized public entity, existing under the laws of the State of California. Answering defendant further admits that the CITY OF VALLEJO is a chartered subdivision of the State of California. Answering defendant denies that CITY OF VALLEJO is responsible for plaintiff's injuries under any theory of liability. Answering defendant lacks sufficient information to enable it to admit or deny the remaining allegations contained in this paragraph, and on that basis denies each and every remaining allegation within this paragraph.

9. Answering paragraph 9, this answering defendant lacks sufficient information to enable it to admit or deny the allegations

contained in this paragraph, and on that basis denies each and every allegation within this paragraph.

10.   Answering paragraph 10, this answering defendant denies that each of the fictitiously-named defendants is responsible in some manner for the conduct and liabilities alleged in plaintiff's complaint. The remainder of the paragraph does not call for an admission or denial. To the extent any remaining allegations in this paragraph can be construed as calling for an admission or denial, this answering defendant denies each and every such allegation within this paragraph.

11.   Answering paragraph 11, this answering defendant denies that the fictitiously-named defendants are liable for plaintiff's injuries. The remainder of the paragraph does not call for an admission or denial. To the extent any remaining allegations in this paragraph can be construed as calling for an admission or denial, this answering defendant denies each and every such allegation within this paragraph.

**ANSWER TO ALLEGATIONS ENTITLED "JURISDICTION AND VENUE"**

12.   Answering paragraphs 12 and 13, this answering defendant does not dispute jurisdiction, and further admits the incidents, events, and occurrences giving rise to this action occurred in the City of Vallejo, California. This answering defendant denies that any actions or omissions by defendant gave rise to liability.

**ANSWER TO ALLEGATIONS ENTITLED "FACTS COMMON TO ALL CLAIMS FOR RELIEF"**

13.   Paragraph 14 does not call for an admission or denial and therefore, this answering defendant does not admit or deny the allegations within this paragraph.

14.   Answering paragraph 15, this answering defendant admits that the circumstances and events giving rise to this action occurred on

November 4, 2019. Answering defendant further admits that the St. Catherine of Siena Catholic Church is located at 3450 Tennessee St, Vallejo, CA 94591. Answering defendant lacks sufficient information to enable it to admit or deny the remaining allegations contained in this paragraph, and on that basis denies each and every remaining allegation within this paragraph.

15. Answering paragraph 16, this answering defendant admits that plaintiff was observed walking into the bathroom at St. Catherine of Siena Catholic Church. Answering defendant lacks sufficient information to enable it to admit or deny the remaining allegations contained in this paragraph, and on that basis denies each and every remaining allegation within this paragraph.

16. Answering paragraph 17, this answering defendant admits that officers made contact with plaintiff at or near the entrance to the men's bathroom inside the church. Answering defendant further admits that the police officers were not in full police uniform. Answering defendant denies that the police officers targeted plaintiff because they thought he was another person.

17. Answering paragraph 18, this answering defendant admits that plaintiff was physically restrained by police officers, which included gaining control of plaintiff's wrists and taking him to the ground. Answering defendant denies that plaintiff was "caught entirely by surprise." Answering defendant further denies that officers struck plaintiff in the cheek. Answering defendant lacks sufficient information to enable it to admit or deny the remaining allegations contained in this paragraph, and on that basis denies each and every remaining allegation within this paragraph.

18. Answering paragraph 19, this answering defendant denies that

4

plaintiff told the officers "I don't have any money!" Answering defendant further denies that plaintiff told officers he recently had surgery on his shoulder. The remaining allegations in this paragraph do not call for an admission or denial. To the extent any remaining allegations in this paragraph can be construed as calling for an admission or denial, this answering defendant denies each and every such allegation within this paragraph.

19.   Answering paragraph 20, this answering defendant lacks sufficient information to enable it to admit or deny the allegation contained in this paragraph, and on that basis denies said allegation.

20.   Answering paragraph 21, this answering defendant admits that plaintiff presented a tort claim to the CITY OF VALLEJO on April 26, 2019. Answering defendant further admits that the CITY OF VALLEJO acknowledged receipt of the tort claim on April 30. Answering defendant further admits that the CITY OF VALLEJO did not provide written notice rejecting the tort claim. The remainder of the paragraph contains legal conclusions that do not call for an admission or denial. To the extent any remaining allegations in this paragraph can be construed as calling for an admission or denial, this answering defendant denies each and every such allegation within this paragraph.

**ANSWER TO ALLEGATIONS ENTITLED "FIRST CLAIM FOR RELIEF"**

21.   Answering paragraph 22, this paragraph does not contain allegations that call for an admission or denial.

22.   Answering paragraphs 23 through 26, this answering defendant denies all allegations contained within these paragraphs.

23.   Answering paragraph 27, this answering defendant denies that plaintiff is entitled to compensatory damages, attorney's fees or punitive damages under his claim.

5
DEFENDANT CITY OF VALLEJO'S ANSWER TO PLAINTIFF'S COMPLAINT
Case No.: 2:19-cv-02461-WBS-KJN Villalobos v. City of Vallejo

**ANSWER TO ALLEGATIONS ENTITLED "SECOND CLAIM FOR RELIEF"**

24. Answering paragraph 28, this paragraph does not contain allegations that call for an admission or denial.

25. Answering paragraphs 29 through 32, this answering defendant denies all allegations contained within these paragraphs.

26. Answering paragraph 33, this answering defendant denies that plaintiff is entitled to compensatory damages or punitive damages under his claim.

**ANSWER TO ALLEGATIONS ENTITLED "THIRD CLAIM FOR RELIEF"**

27. Answering paragraph 34 this paragraph does not contain allegations that call for an admission or denial.

28. Answering paragraph 35, this paragraph contains legal conclusions that do not call for an admission or denial. To the extent any allegations in this paragraph can be construed as calling for an admission or denial, this answering defendant denies each and every such allegation within this paragraph.

29. Answering paragraphs 36 through 41, this answering defendant denies all allegations contained within these paragraphs.

30. Answering paragraph 42, this answering defendant denies that plaintiff is entitled to compensatory damages or punitive damages under his claim.

**ANSWER TO ALLEGATIONS ENTITLED "FOURTH CLAIM FOR RELIEF"**

31. Answering paragraph 43 this paragraph does not contain allegations that call for an admission or denial.

32. Answering paragraph 44, this paragraph contains legal conclusions that do not call for an admission or denial.

33. Answering paragraphs 45 through 49, this answering defendant denies all allegations contained within these paragraphs.

34. Answering paragraph 50, this answering defendant denies that plaintiff is entitled to compensatory damages, attorney's fees or punitive damages under his claim.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's complaint fails to state facts sufficient to constitute a cause of action against this answering defendant.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of laches, estoppel and waiver, and by all applicable federal and state statutes of limitation.

**THIRD AFFIRMATIVE DEFENSE**

Defendant and/or its employees, agents, or officers at all times referred to in plaintiff's complaint acted in complete good faith and reasonably within the meaning of all federal and state statutes, doctrines and judicial authorities.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant is immune from liability under the federal doctrine of qualified good faith immunity as set forth in Malley v. Briggs, 475 U.S. 335 (1986), Harlow v. Fitzgerald, 457 U.S. 800 (1982), Anderson v. Creighton, 107 S.Ct. 3034 (1987) and other applicable statutory and judicial authorities.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to sufficiently allege a cause of action on any federal claim for relief. Plaintiff has been denied no federally protected civil right without due process of law, since due process exists in the form of adequate remedies at law.

//

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's complaint fails to state a claim for any constitutional violation under 42 U.S.C. Section 1983 against this answering defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant's alleged acts were reasonable under the doctrine set forth in Graham v. Connor, 108 S.Ct. 1865 (1989) and all other applicable federal and state judicial authorities.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant is immune from liability pursuant to California Government Code Section 815.6, as all acts and/or omissions complained of by plaintiff were reasonable and/or exercised with reasonable diligence within the meaning of said statute.

**NINTH AFFIRMATIVE DEFENSE**

Defendant is immune from liability under California Penal Code Section 847 since, at the time of the subject incident, defendant had reasonable cause to believe that any attempted arrest/detention was lawful.

**TENTH AFFIRMATIVE DEFENSE**

Defendant is immune from liability pursuant to California Government Code Section 820.2, as all acts and/or omissions complained of by plaintiff were discretionary acts within the meaning of said statute.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff voluntarily assumed the risk of injuries and damages arising out of the subject incident and said assumption of risk acts as a complete bar to any recovery in this matter.

//

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged injuries and damages are barred to the extent that they exceed the scope of his public entity claim(s) filed with the City of Vacaville.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant is immune from liability pursuant to California Penal Code Sections 833, 833.5, 834a, 835, 835a, 836, 836.5 and 840 for any police conduct/action relating to the incident complained of by plaintiff.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendant is immune from liability pursuant to California Government Code Sections 820.4 and 820.6, as its employees, agents, or officers exercised due care in the execution and enforcement of the law relative to plaintiff and/or is immune for invalid or inapplicable enactments.

**FIFTEENTH AFFIRMATIVE DEFENSE**

As a separate, distinct affirmative defense to the complaint, defendant alleges that plaintiff posed a direct threat to the health and safety of others and/or himself.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendants is immune from liability under California Government Code Sections 850, 850.2, 850.4, and 850.8 for injury caused by transport or failure to transport to a medical facility.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

As a separate, distinct affirmative defense to the complaint, defendant asserts that punitive damages are not recoverable against the CITY.

//

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff was careless and negligent in and about the matters alleged in said complaint, and said carelessness and negligence on plaintiff's part proximately and concurrently contributed to his injuries or damages, if any there were.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff failed and neglected to use reasonable care to protect himself and to minimize and mitigate the losses and damages complained of, if any there were.

**TWENTIETH AFFIRMATIVE DEFENSE**

The losses and damages complained of by plaintiff were caused by the negligent acts or omissions of persons other than the CITY and its employees, which negligence either is imputed to plaintiff or comparatively reduces the negligence and liability, if any exists, of the CITY.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

The fault of persons other than the CITY contributed to and proximately caused the occurrence described in the complaint herein; and that under the principles formulated in the case of American Motorcycle Association v. Superior Court (1978) 20 Cal.3d 578, the CITY prays that the percentage of such contribution be established by special verdict or other procedure, and that the CITY's ultimate liability be reduced to the extent of such contribution.

**PRAYER FOR RELIEF**

WHEREFORE defendant CITY OF VACAVILLE prays that:

1. Plaintiff take nothing by reason of his complaint;

2. Defendant be awarded its costs of suit incurred herein and its attorneys' fees pursuant to 42 U.S.C. Section 1988 and all other

applicable federal and state statutes and judicial authorities; and,

    3.   Defendant be granted such further relief as the Court deems proper.

Dated: April 15, 2020              BERTRAND, FOX, ELLIOT, OSMAN & WENZEL

By: */s/ Richard Osman*
    Richard W. Osman
    Henry B. Bernstein
    Attorneys for Defendants
    CITY OF VALLEJO