| | |
|---|---|
| **RANDY J. RISNER**<br>Interim City Attorney, SBN 172552<br>**BY:   KATELYN M. KNIGHT**<br>Deputy City Attorney, SBN 264573<br>**CITY OF VALLEJO**, City Hall<br>555 Santa Clara Street, 3rd Floor<br>Vallejo, CA  94590<br>Tel: (707) 648-4545<br>Fax: (707) 648-4687<br>Email: katelyn.knight@cityofvallejo.net | Thomas C. Seabaugh, Esq., SBN 272458<br>THE LAW OFFICE OF THOMAS C. SEABAUGH<br>601 West Fifth Street, Eighth Floor<br>Los Angeles, California 90071<br>Telephone: (213) 225-5850<br>Email: tseabaugh@seabaughfirm.com<br>Attorney for Plaintiff |

Richard W. Osman, State Bar No. 167993
Sheila D. Crawford, State Bar No. 278292
Henry B. Bernstein, State Bar No. 313730
BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile:  (415) 353-0990
Email:   rosman@bfesf.com
         scrawford@bfesf.com
         hbernstein@bfesf.com

Attorneys for Defendant
CITY OF VALLEJO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE VILLALOBOS<br><br>     Plaintiff,<br><br>v.<br><br>CITY OF VALLEJO; and DOES 1-10,<br><br>     Defendants. | Case No. 2:19-cv-02461-WBS-KJN<br><br>**Joint Status Report**<br><br>**Date:** May 26, 2020<br>**Time:** 1:30 p.m.<br>**Courtroom:** 5<br>**Judge:** William B. Schubb |

The parties hereby submit their initial Joint Status Report in this matter.

**A. Summary of the Claims**

**Plaintiffs' Statement**

Plaintiff alleges that officers of the Vallejo Police Department, mistaking Plaintiff for someone else, unlawfully detained Plaintiff and used excessive force against him while he was attending a religious service with his family on November 4, 2018.

Plaintiff claims damages from defendant CITY OF VALLEJO ("the City") and Doe Defendants one through ten, arising from Fourth Amendment violations through 28 U.S.C. section 1983; battery; negligence; and violation of the Bane Act.

**Defendants' Statement**

The City contends all force was reasonably necessary given Plaintiff's conduct and to overcome his resistance. On October 28, 2018, police received reports from St. Catherine's Church in Vallejo that a man had harassed and solicited underage churchgoers for sex on October 28, 2018. Witnesses described the man as a 40-year-old Hispanic man with a goatee, approximately 5' 6" tall with a medium build, wearing a gray jacket, jeans, and light-colored fedora hat. The suspect also was described as dirty and appeared homeless. On November 3, 2018, a priest reported that the man had returned to St. Catherine's Church, but fled upon being confronted by the priest.

On November 4, 2018, at approximately 7:30 p.m., detectives of the Vallejo Police Department were conducting surveillance at St. Catherine's Church. As a detective stood near the entrance to the church, Plaintiff walked by. Plaintiff is a Hispanic man who appears approximately 40 years old, with a goatee, and was wearing a black

jacket and a hat. Plaintiff walked into church alone, and immediately headed for the restroom. Plaintiff smelled of alcohol and detectives believed he was possibly homeless.

As Plaintiff exited the bathroom, the detectives identified themselves and requested Plaintiff speak with them outside. Plaintiff became agitated, and detectives took hold of Plaintiff's wrists to prevent his escape. Despite verbal commands, Plaintiff continued to physically resist the detectives, and reasonable force was used to overcome Plaintiff's resistance, take him to the ground, and place him in handcuffs.

**B.   Status of Service upon all defendants and cross-defendants**

The complaint was filed on December 9, 2019 (Docket No. 1.) All named defendants have been served with the complaint. The City timely filed its answer to Plaintiff's complaint on April 15, 2020.

**C.   Possible Joinder of Additional Parties**

Plaintiff intends to discover the identities of the involved officers and to substitute them for the fictitiously named defendants. Otherwise, the parties do not anticipate the joinder of additional parties.

**D.   Contemplated Amendments to the Pleadings**

Plaintiff intends to discover the identities of the involved officers and to substitute them for the fictitiously named defendants. Otherwise, the parties do not anticipate any amendments to the pleadings.

**E.   Statutory Basis for Jurisdiction and Venue**

The Court has subject matter jurisdiction based on Title 28, United States Code, sections 1331 and 1343. Venue is proper pursuant to Title 28, United States Code section 1391(b)(2), as the actions

giving rise to the complaint occurred within the city of Vallejo, County of Solano, California.

**F.  Anticipated Discovery and the Scheduling of Discovery**

    **1.  What Changes, If Any, Should Be Made in the Timing, Form, or Requirement for Disclosures Under Rule 26(a), Including A Statement as to When Disclosures under Rule 26(a)(1) Were Made or Will Be Made**

No changes to form or timing requirements are necessary. The parties propose to provide the disclosures on June 1, 2020.

    **2.  The Subjects on which Discovery May Be Needed; When Discovery Should Be Completed, and Whether Discovery Should Be Conducted in Phases**

The subjects upon which discovery is necessary include investigation leading up to the incident, the detention of Plaintiff, probable cause for plaintiff's arrest, the facts and circumstances regarding the use of force, the nature and extent of Plaintiff's injuries, and Plaintiff's claimed damages.

Defendant intends to conduct written discovery and intend to take the deposition of Plaintiff and all percipient witnesses. Defendant also intends to seek disclosure of Plaintiff's medical records. An independent medical examination may be necessary.

Plaintiff intends to conduct written discovery and intends to take the depositions of the involved officers with the Vallejo Police Department as well as any percipient witnesses.

    **3.  What Changes, if any, Should Be Made in the Limitations on Discovery Imposed under the Civil Rules or by Local Rule, and what Other Limitations, if any, Should Be Imposed**

The parties do not believe any changes should be made to the limitations on discovery imposed under the FRCP.

//

**4. The Timing of the Disclosure of Expert Witnesses and Information Required by Rule 26(a)(2)**

The parties propose expert disclosures be due on June 24, 2021 and rebuttal expert be disclosed by July 8, 2021.

**5. Proposed Dates for Discovery Cut-off**

The parties propose non-expert discovery be completed by May 7, 2021.

**G. Contemplated Dispositive or Other Motions and Proposed Date by which all Non-Discovery Motions Shall be Heard**

Defendants likely will file a motion for summary judgment. The parties propose that all non-discovery motions be heard by August 6, 2021.

**H. Methods that can be Used from the Outset to Avoid Unnecessary Proof and Cumulative Evidence, and Anticipated Limitations or Restrictions on the Use of Testimony under Federal Rule of Evidence 702**

The parties do not believe any additional methods are necessary.

**I. Proposed Date for Final Pre-Trial Conference**

The parties propose September 3, 2021 for a Final Pre-Trial Conference.

**J. Proposed Date for Trial and Estimated Number of Days of Trial and Whether Any Party Has Demanded a Jury**

The parties propose September 17, 2021 for trial. The parties request this matter be tried by jury and anticipate it will take approximately five days.

**K. Appropriateness of Special Procedures**

The parties do not believe any special procedures are necessary.

**L. Proposed Modifications of Standard Pre-Trial Procedures**

The parties do not believe modification of standard pretrial

procedures is necessary or beneficial in this case.

The parties propose the following schedule:

| | |
|---|---|
| Fact Discovery Cutoff | May 7, 2021 |
| Expert Disclosures | May 21, 2021 |
| Disclosure of Rebuttal Experts | June 11, 2021 |
| Expert Discovery Cutoff | July 2, 2021 |
| Last Day to Hear Dispositive Motion | August 6, 2021 |
| Pre-Trial Conference | September 3, 2021 |
| Trial | September 17, 2021 |

Dated:  May 12, 2020                         BERTRAND, FOX, ELLIOT, OSMAN & WENZEL

                                                 By: */s/Richard W. Osman*
                                                    Richard W. Osman
                                                    Sheila D. Crawford
                                                    Henry B. Bernstein
                                                    Attorneys for Defendant
                                                    CITY OF VACAVILLE

Dated:  May 12, 2020                         LAW OFFICE OF THOMAS C. SEABAUGH

                                                 By: */s/ Thomas C. Seabaugh*
                                                    Thomas C. Seabaugh, Esq.
                                                    Attorney for Plaintiff
                                                    JOSE VILLALOBOS

**ELECTRONIC CASE FILING ATTESTATION**

I, Richard W. Osman, hereby attest that I have on file all holograph signatures for any signatures indicated by a conformed signature ("/s/") within this E-filed document or have been authorized by counsel to show their signature on this document as /s/.

Dated: May 12, 2020         BERTRAND, FOX, ELLIOT, OSMAN & WENZEL

                                  */s/ Richard Osman*
                                  Richard W. Osman