**RANDY J. RISNER**
Interim City Attorney, SBN 172552
**BY:  KATELYN M. KNIGHT**
Deputy City Attorney, SBN 264573
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, 3rd Floor
Vallejo, CA  94590
Tel: (707) 648-4545
Fax: (707) 648-4687
Email:  katelyn.knight@cityofvallejo.net

Richard W. Osman, State Bar No. 167993
Sheila D. Crawford, State Bar No.  278292
BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile:  (415) 353-0990
Email:  rosman@bfesf.com
        scrawford@bfesf.com

Attorneys for Defendant
CITY OF VALLEJO, JEROME BAUTISTA,
KEVIN BARRETO, and JARRETT TONN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| JOSE VILLALOBOS<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF VALLEJO; and DOES 1-10,<br><br>    Defendants. | Case No. 2:19-cv-02461-WBS-KJN<br><br>**DEFENDANTS CITY OF VALLEJO, JEROME BAUTISTA, KEVIN BARRETO, AND JARRETT TONN'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
|---|---|

Defendants CITY OF VALLEJO, JEROME BAUTISTA, KEVIN BARRETO, and JARRETT TONN hereby demand a jury trial in the above-captioned matter and answer plaintiff JOSE VILLALOBOS' first amended complaint filed on June 17, 2020 as follows:

**ANSWER TO ALLEGATIONS ENTITLED "INTRODUCTION"**

1. Paragraph 1 does not call for an admission or denial. To the extent any allegations in this paragraph can be construed as calling for an admission or denial, these answering defendants deny each and every such allegation within this paragraph.

2. Answering paragraph 2, these answering defendants admit that the circumstances and events giving rise to this action occurred on November 4, 2019. Answering defendants further admit that undercover police officers contacted plaintiff near the entrance to the men's bathroom at the St. Catherine of Siena Catholic Church in the City of Vallejo. Answering defendants further admit that police officers believed plaintiff matched the description of the subject of a criminal investigation. Answering defendants lack sufficient information to enable them to admit or deny the remaining allegations contained in this paragraph, and on that basis deny each and every remaining allegation.

3. Answering paragraph 3, this paragraph details plaintiff's claims and his requested relief, and does not contain allegations that call for an admission or denial.

4. Answering paragraph 4, this paragraph does not call for an admission or denial. To the extent any allegations in this paragraph can be construed as calling for an admission or denial, these answering defendants deny each and every such allegation within this paragraph.

1

DEFENDANTS CITY OF VALLEJO, JEROME BAUTISTA, KEVIN BARRETO, AND JARRETT TONN'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
Case No.: 2:19-cv-02461-WBS-KJN Villalobos v. City of Vallejo

**ANSWER TO ALLEGATIONS ENTITLED "PARTIES"**

5.   Answering paragraph 5, these answering defendants admit that the circumstances and events giving rise to this action occurred in the City of Vallejo. Answering defendants lack sufficient information to enable them to admit or deny the remaining allegation contained in this paragraph, and on that basis deny the remaining allegation.

6.   Answering paragraph 6, these answering defendants lack sufficient information to enable them to admit or deny the allegations contained in this paragraph, and on that basis deny each and every allegation within this paragraph.

7.   Answering paragraph 7, these answering defendants admit that defendants JEROME BAUTISTA, KEVIN BARRETO, and JARRETT TONN were employees of the CITY OF VALLEJO at the time of the incident. Answering defendants further admit that defendants JEROME BAUTISTA, KEVIN BARRETO, and JARRETT TONN were acting within the course and scope of their duties at the time of the incident. Answering defendants deny that defendants JEROME BAUTISTA, KEVIN BARRETO, and JARRETT TONN proximately caused plaintiff's injuries. Answering defendants further deny that the fictitiously named defendants proximately caused plaintiff's injuries. Answering defendants lack sufficient information to enable them to admit or deny the remaining allegations contained in this paragraph, and on that basis deny each and every remaining allegation within this paragraph.

8.   Answering paragraph 8, these answering defendants admit the CITY OF VALLEJO is a duly organized public entity, existing under the laws of the State of California. Answering defendants further admit that the CITY OF VALLEJO is a chartered subdivision of the State of California. Answering defendants further admit that defendants JEROME

BAUTISTA, KEVIN BARRETO, and JARRETT TONN were employed by the CITY OF VALLEJO at the time of the incident. Answering defendants deny that CITY OF VALLEJO is responsible for plaintiff's injuries under any theory of liability. Answering defendants lack sufficient information to enable them to admit or deny the remaining allegations contained in this paragraph, and on that basis deny each and every remaining allegation within this paragraph.

9.   Answering paragraph 9, these answering defendants lack sufficient information to enable them to admit or deny the allegations contained in this paragraph, and on that basis deny each and every allegation within this paragraph.

10.   Answering paragraph 10, these answering defendants deny that each of the fictitiously-named defendants is responsible in some manner for the conduct and liabilities alleged in plaintiff's first amended complaint. The remainder of the paragraph does not call for an admission or denial. To the extent any remaining allegations in this paragraph can be construed as calling for an admission or denial, these answering defendants deny each and every such allegation within this paragraph.

11.   Answering paragraph 11, these answering defendants deny that defendants JEROME BAUTISTA, KEVIN BARRETO, and JARRETT TONN are liable for plaintiff's injuries. These answering defendants further deny that the fictitiously named defendants are liable for plaintiff's injuries. The remainder of the paragraph does not call for an admission or denial. To the extent any remaining allegations in this paragraph can be construed as calling for an admission or denial, these answering defendants deny each and every such allegation within this paragraph.

//

**ANSWER TO ALLEGATIONS ENTITLED "JURISDICTION AND VENUE"**

12.  Answering paragraphs 12 and 13, these answering defendants do not dispute jurisdiction, and further admit the incidents, events, and occurrences giving rise to this action occurred in the City of Vallejo, California. These answering defendants deny that any actions or omissions by defendants give rise to liability.

**ANSWER TO ALLEGATIONS ENTITLED
"FACTS COMMON TO ALL CLAIMS FOR RELIEF"**

13.  Paragraph 14 does not call for an admission or denial and therefore, these answering defendants do not admit or deny the allegations within this paragraph.

14.  Answering paragraph 15, these answering defendants admit that the circumstances and events giving rise to this action occurred on November 4, 2019. Answering defendants further admit that the St. Catherine of Siena Catholic Church is located at 3450 Tennessee St, Vallejo, CA 94591. Answering defendants lack sufficient information to enable them to admit or deny the remaining allegations contained in this paragraph, and on that basis deny each and every remaining allegation within this paragraph.

15.  Answering paragraph 16, these answering defendants admit that plaintiff was observed walking into the bathroom at St. Catherine of Siena Catholic Church. Answering defendants lack sufficient information to enable them to admit or deny the remaining allegations contained in this paragraph, and on that basis deny each and every remaining allegation within this paragraph.

16.  Answering paragraph 17, these answering defendants admit that officers made contact with plaintiff at or near the entrance to the men's bathroom inside the church. Answering defendants further admit

that the police officers were not in full police uniform. Answering defendants deny that the police officers targeted plaintiff because they thought he was another person. Answering defendants lack sufficient information to enable them to admit or deny the remaining allegation contained in this paragraph, and on that basis deny the remaining allegation within this paragraph.

17. Answering paragraph 18, these answering defendants admit that plaintiff was physically restrained by police officers, which included gaining control of plaintiff's wrists and taking him to the ground. Answering defendants deny that plaintiff was "caught entirely by surprise." Answering defendants further deny that officers struck plaintiff in the cheek. Answering defendants lack sufficient information to enable them to admit or deny the remaining allegations contained in this paragraph, and on that basis deny each and every remaining allegation within this paragraph.

18. Answering paragraph 19, these answering defendants deny that plaintiff told the officers "I don't have any money!" Answering defendants further deny that plaintiff told officers he recently had surgery on his shoulder. The remaining allegations in this paragraph do not call for an admission or denial. To the extent any remaining allegations in this paragraph can be construed as calling for an admission or denial, these answering defendants deny each and every such allegation within this paragraph.

19. Answering paragraph 20, these answering defendants lack sufficient information to enable them to admit or deny the allegation contained in this paragraph, and on that basis deny said allegation.

20. Answering paragraph 21, these answering defendants admit that plaintiff presented a tort claim to the CITY OF VALLEJO on April 26,

5

DEFENDANTS CITY OF VALLEJO, JEROME BAUTISTA, KEVIN BARRETO, AND JARRETT TONN'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
Case No.: 2:19-cv-02461-WBS-KJN Villalobos v. City of Vallejo

2019. Answering defendants further admit that the CITY OF VALLEJO acknowledged receipt of the tort claim on April 30. Answering defendants further admit that the CITY OF VALLEJO did not provide written notice rejecting the tort claim. The remainder of the paragraph contains legal conclusions that do not call for an admission or denial. To the extent any remaining allegations in this paragraph can be construed as calling for an admission or denial, these answering defendants deny each and every such allegation within this paragraph.

**ANSWER TO ALLEGATIONS ENTITLED "FIRST CLAIM FOR RELIEF"**

21. Answering paragraph 22, this paragraph does not contain allegations that call for an admission or denial.

22. Answering paragraphs 23 through 26, these answering defendants deny all allegations contained within these paragraphs.

23. Answering paragraph 27, this paragraph details plaintiff's requested relief and does not contain allegations that call for an admission or denial.

**ANSWER TO ALLEGATIONS ENTITLED "SECOND CLAIM FOR RELIEF"**

24. Answering paragraph 28, this paragraph does not contain allegations that call for an admission or denial.

25. Answering paragraphs 29 through 31, these answering defendants deny all allegations contained within these paragraphs.

26. Answering paragraph 32, this paragraph contains legal conclusions that do not call for an admission or denial. To the extent any allegations in this paragraph can be construed as calling for an admission or denial, these answering defendants deny each and every such allegation within this paragraph.

27. Answering paragraph 33, this paragraph details plaintiff's

6

DEFENDANTS CITY OF VALLEJO, JEROME BAUTISTA, KEVIN BARRETO, AND JARRETT TONN'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
Case No.: 2:19-cv-02461-WBS-KJN Villalobos v. City of Vallejo

requested relief and does not contain allegations that call for an admission or denial.

**ANSWER TO ALLEGATIONS ENTITLED "THIRD CLAIM FOR RELIEF"**

28. Answering paragraph 34 this paragraph does not contain allegations that call for an admission or denial.

29. Answering paragraph 35, this paragraph contains legal conclusions that do not call for an admission or denial. To the extent any allegations in this paragraph can be construed as calling for an admission or denial, these answering defendants deny each and every such allegation within this paragraph.

30. Answering paragraphs 36 through 40, these answering defendants deny all allegations contained within these paragraphs.

31. Answering paragraph 41, this paragraph contains legal conclusions that do not call for an admission or denial. To the extent any allegations in this paragraph can be construed as calling for an admission or denial, these answering defendants deny each and every such allegation within this paragraph.

32. Answering paragraph 42, this paragraph details plaintiff's requested relief and does not contain allegations that call for an admission or denial.

**ANSWER TO ALLEGATIONS ENTITLED "FOURTH CLAIM FOR RELIEF"**

33. Answering paragraph 43 this paragraph does not contain allegations that call for an admission or denial.

34. Answering paragraph 44, this paragraph contains legal conclusions that do not call for an admission or denial. To the extent any allegations in this paragraph can be construed as calling for an admission or denial, these answering defendants deny each and every such allegation within this paragraph.

35.  Answering paragraphs 45 through 48, these answering defendants deny all allegations contained within these paragraphs.

36.  Answering paragraph 49, this paragraph contains legal conclusions that do not call for an admission or denial. To the extent any allegations in this paragraph can be construed as calling for an admission or denial, these answering defendants deny each and every such allegation within this paragraph.

37.  Answering paragraph 50, this paragraph details plaintiff's requested relief and does not contain allegations that call for an admission or denial.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's first amended complaint fails to state facts sufficient to constitute a cause of action against these answering defendants.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of laches, estoppel and waiver, and by all applicable federal and state statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

Defendants and/or its employees, agents, or officers at all times referred to in plaintiff's first amended complaint acted in complete good faith and reasonably within the meaning of all federal and state statutes, doctrines and judicial authorities.

### FOURTH AFFIRMATIVE DEFENSE

Defendants are immune from liability under the federal doctrine of qualified good faith immunity as set forth in Malley v. Briggs, 475 U.S. 335 (1986), Harlow v. Fitzgerald, 457 U.S. 800 (1982), Anderson

v. Creighton, 107 S.Ct. 3034 (1987) and other applicable statutory and judicial authorities.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to sufficiently allege a cause of action on any federal claim for relief.  Plaintiff has been denied no federally protected civil right without due process of law, since due process exists in the form of adequate remedies at law.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's first amended complaint fails to state a claim for any constitutional violation under 42 U.S.C. Section 1983 against these answering defendants.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants' alleged acts were reasonable under the doctrine set forth in Graham v. Connor, 108 S.Ct. 1865 (1989) and all other applicable federal and state judicial authorities.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendants are immune from liability pursuant to California Government Code Section 815.6, as all acts and/or omissions complained of by plaintiff were reasonable and/or exercised with reasonable diligence within the meaning of said statute.

**NINTH AFFIRMATIVE DEFENSE**

Defendants are immune from liability under California Penal Code Section 847 since, at the time of the subject incident, defendants had reasonable cause to believe that any attempted arrest/detention was lawful.

**TENTH AFFIRMATIVE DEFENSE**

Defendants are immune from liability pursuant to California Government Code Section 820.2, as all acts and/or omissions complained

of by plaintiff were discretionary acts within the meaning of said statute.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff voluntarily assumed the risk of injuries and damages arising out of the subject incident and said assumption of risk acts as a complete bar to any recovery in this matter.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages are barred to the extent that they exceed the scope of his public entity claim(s) filed with the City of Vacaville.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to California Penal Code Sections 833, 833.5, 834a, 835, 835a, 836, 836.5 and 840 for any police conduct/action relating to the incident complained of by plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to California Government Code Sections 820.4 and 820.6, as its employees, agents, or officers exercised due care in the execution and enforcement of the law relative to plaintiff and/or is immune for invalid or inapplicable enactments.

### FIFTEENTH AFFIRMATIVE DEFENSE

As a separate, distinct affirmative defense to the first amended complaint, defendants allege that plaintiff posed a direct threat to the health and safety of others and/or himself.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability under California Government Code Sections 850, 850.2, 850.4, and 850.8 for injury caused by

transport or failure to transport to a medical facility.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As a separate, distinct affirmative defense to the first amended complaint, defendants assert that punitive damages are not recoverable against the CITY.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff was careless and negligent in and about the matters alleged in said first amended complaint, and said carelessness and negligence on plaintiff's part proximately and concurrently contributed to his injuries or damages, if any there were.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff failed and neglected to use reasonable care to protect himself and to minimize and mitigate the losses and damages complained of, if any there were.

### TWENTIETH AFFIRMATIVE DEFENSE

The losses and damages complained of by plaintiff were caused by the negligent acts or omissions of persons other than these answering defendants, which negligence either is imputed to Plaintiff or comparatively reduces the negligence and liability, if any exists, of the these answering defendants.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The fault of persons other than these answering defendants contributed to and proximately caused the occurrence described in the first amended complaint herein; and that under the principles formulated in the case of American Motorcycle Association v. Superior Court (1978) 20 Cal.3d 578, these answering defendants pray that the percentage of such contribution be established by special verdict or other procedure, and that these answering defendants' ultimate

liability be reduced to the extent of such contribution.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants allege that because the first amended complaint is couched in conclusory terms, these answering defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

## PRAYER FOR RELIEF

WHEREFORE defendants CITY OF VALLEJO, JEROME BAUTISTA, KEVIN BARRETO, and JARRETT TONN pray that:

1. Plaintiff take nothing by reason of his first amended complaint;

2. Defendants be awarded their costs of suit incurred herein and their attorneys' fees pursuant to 42 U.S.C. Section 1988 and all other applicable federal and state statutes and judicial authorities; and,

3. Defendants be granted such further relief as the Court deems proper.

Dated: July 17, 2020         BERTRAND, FOX, ELLIOT, OSMAN & WENZEL

By: /s/ Richard W. Osman
    Richard W. Osman
    Sheila D. Crawford
    Henry B. Bernstein
    Attorneys for Defendants
    CITY OF VALLEJO, JEROME BAUTISTA,
    KEVIN BARRETO, and JARRETT TONN